1  MARION R. YAGMAN (SBN 83007)
   JOSEPH REICHMANN (SBN 29324)
2  YAGMAN & REICHMANN
   475 Washington Boulevard
3  Venice Beach, California 90292-5287
   (310)452-3200
4
5  Presented on behalf of Plaintiffs
   and Class Members
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10                  **WESTERN DIVISION**

| | |
|---|---|
| **R. ABCARIAN**, **R. REYES**, and **H. REYES**, | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| **MELDON EDISES LEVINE, WILLIAM W. FUNDERBURK, JR., JILL BANKS BARAD, MICHAEL F. FLEMING, CHRISTINA E. NOONAN, DAVID H. WRIGHT, MARCIE LORRAINE JAMES-KIRBY EDWARDS, JOSEPH A. BRAJEVICH, ERIC GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, BOB BLUMENFIELD, DAVID E. RYU, PAUL KORETZ, NURY MARTINEZ, FELIPE FUENTES, MARQUEECE HARRIS-DAWSON, CURREN D. PRICE, HERB J. WESSON, Jr.,  MIKE BONIN, MITCHELL ENGLANDER, MITCH O'FARRELL, JOSE HUIZAR, JOE BUSCAINO,** | **JURY DEMAND** |

1

| | |
|---|---|
| **MICHAEL NELSON FEUER**, **JAMES PATRICK CLARK,** and **TWENTY UNKNOWN NAMED DEFENDANTS 1-20**,<br><br>Defendants. | |

Plaintiffs make the following allegations on information and belief in support of the Complaint:

## JURISDICTION AND VENUE

1. Plaintiffs assert federal claims against defendants and jurisdiction lies pursuant to 28 U.S.C. § 1331 and plaintiffs assert state law claims against defendants based on supplemental jurisdiction, pursuant to 28 U.S.C. § 1367.

2. The matters that are the bases for this action occurred in Los Angeles County, California and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiffs are **R. ABCARIAN, R. REYES**, and **H. REYES**, ("plaintiffs") and defendants are **MELDON EDISES LEVINE, WILLIAM W. FUNDERBURK, JR., JILL BANKS BARAD, MICHAEL F. FLEMING, CHRISTINA E. NOONAN, DAVID H. WRIGHT, MARCIE LORRAINE JAMES-KIRBY EDWARDS, JOSEPH A. BRAJEVICH, ERIC GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, BOB BLUMENFIELD, DAVID E. RYU, PAUL KORETZ, NURY MARTINEZ, FELIPE FUENTES, MARQUEECE HARRIS-DAWSON, CURREN D. PRICE, HERB J. WESSON, Jr., MIKE BONIN, MITCHELL ENGLANDER, MITCH O'FARRELL, JOSE HUIZAR, JOE BUSCAINO, MICHAEL NELSON FEUER, JAMES PATRICK CLARK**, and **TWENTY UNKNOWN NAMED**

2

**DEFENDANTS** ("defendants"), whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, or are persons and/or entities whose true names presently are unknown and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow.

4. Plaintiffs and all class members have public utility accounts with the Los Angeles Department of Water and Power ("DWP") to provide electricity and water to their residences.

5. Defendants each play or played some material role in running and administering DWP and in setting or defending its rates for essential and compulsory services provided, and for which DWP bills and charges plaintiffs and class members.

## ALLEGATIONS COMMON TO EACH COUNT

6. Each and every allegation set forth in each and every averment of this pleading is incorporated by this reference in each and every other averment and allegation of this pleading.

7. All acts and/or omissions perpetrated by each defendant were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of plaintiffs and class members.

8. Defendants, from at least 2010, have charged DWP's utility customers charges for water and power that exceed its costs of providing those services.

9. Each year, at least since 2010, defendants have transferred from DWP to the City of Los Angeles general fund between $254,000,000 and $300,000,000 by using the artifice of a "Power Revenue Transfer" in the City's budgets.  Exhibit 1.

10. That DWP is able to make this Power Revenue Transfer to the City evidences that DWP's costs of providing water and electric are less than, by the amount of the transfer, its reasonable costs of provision of water and power.

11. Excess utility fees may be imposed only by City of Los Angeles voters.

12. No such vote ever was taken.

13. Because above-cost fees were charged and there was no vote, therefore, the collection of the fees above costs for provision of the services violates Cal. Const. art. XIII C § 2, subdiv. (b) and/or subdivision (c).

14. The relevant time period herein is September 23, 2012 through September 22, 2016, and until the date of class certification, and this also is the class period.

15. DWP and the City are not legally permitted to make any profit on provision of water and power.

16. In order to accomplish this scheme, DWP includes in its rates fees and charges that exceed the reasonable costs of provision of water and electric, that in fact are taxes.

17. By doing this, DWP illegally overcharges its customers.

18. Defendants, and each of them, knowingly and intentionally exacted and continue to extract, unlawful, excess utility fees and charges from DWP customers, or participate in, further, or defend this illegal practice, under the extortionate threat to its customers that DWP will terminate, cut off, and/or disconnect its customers water and electricity if its customers do not pay the excess rates.

19. All defendants, therefore, impose an illegal tax on DWP customers by extortion.

20. Defendants and DWP transmit bi-monthly statements for water and power to their over three million customers and these statements are transmitted by USPS mail and/or by wire and Internet.

21. Over the past four years, therefore there have been approximately six transmissions per customer per year for a total of 18,000,000 instances of mail and wire transmissions and thus that same number of instances of mail fraud, wire fraud, and extortion.

22-125. Reserved.

## COUNT 1

### (Fraud)

126. By doing the things alleged hereinabove, defendants committed fraud, by making material misrepresentations that their utility fees were in accord with law, which were false. They intended plaintiffs and class members to rely on those misrepresentations, plaintiffs and class members justifiably relied on them, plaintiffs and class members were harmed and damaged by this reliance, and defendants therefore are liable to plaintiff and to class members for damages for fraud.

## COUNT 3

### (Extortion)

127. By threatening to turn off plaintiffs' and class members' utility services unless they paid DWP's statements, defendants committed extortion.

## COUNT 4

### (Conspiracy)

128. Defendants and each of them understood and/or agreed that they all would act in combination in the manners described hereinabove and then overt acts were undertaken to carry out their schemes, both hereinabove and hereinbelow.

## COUNT 5

### (42 U.S.C. § 1983)

129. Defendants all acted under of color of law.

5

130. Defendants' actions deprived plaintiffs and class members of rights under the United States Constitution and/or federal law, and under California law, including, but not limited to, plaintiffs' and class members' rights not to be deprived of plaintiffs' and class members' property without due process of law.

131. Defendants' actions under color of law harmed plaintiffs and class members.

## COUNT 6

(Section 1983, *Monell* liability)

132. Defendants' wrongful conduct under of color of law occurred so that each defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, and/or took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to DWP personnel with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiffs and class members, pursuant to the principles set forth in *Monell v. Dep't of Social Services* and its progeny.

133-141. Reserved.

## COUNT 7

(Racketeer Influenced and Corrupt Organizations, RICO)

6

142. By doing the things alleged hereinabove, defendants thereby committed and continue to commit mail fraud and/or wire fraud, by using instrumentalities of interstate commerce to accomplish their crimes, and thereby are liable under the civil RICO statute, as set forth hereinbelow.

143. Each defendant, in his/her own right, and all defendants together, collectively, as well as their employees who work in and for DWP, are all enterprises and associated-in-fact enterprises, within the meaning of 18 U.S.C. 1961(4), and therefore are a RICO enterprises, and DWP is a RICO enterprise.

144. As regards the dealings alleged in the instant action, DWP is, and the named individual defendants together are, an enterprise, within the meaning of 18 U.S.C. § 1961(4), and are enterprises both in fact and in law.

145. DWP and each defendant's activities affect interstate commerce.

146. Each defendant received income (some very handsomely), directly and/or indirectly, by way of insurance premiums, salary, compensation, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, pensions, *etc.* from the pattern of racketeering activity alleged herein and used that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

147. Defendants conducted and/or participated, and continue to conduct and participate in said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

148. The pattern of racketeering activities included and continues to include, a continuous pattern and practice potentially involving activities, including any potential civil RICO predicates, set forth in the RICO predicate statutes, including extortion, mail fraud, wire fraud, fraudulent concealment, fraud, and,

potentially, obstruction of justice, and defendants' defense of the instant action will be a continuation and a part of its RICO schemes.

149.  DWP and defendants' associated-in-fact enterprise constitutes a present and continuing threat of harm and additional RICO violations.

150.  The enterprises' activities have occurred on more than one, and on many millions occasions over at least the past 10 years and have been done on numerous occasions and constitute at least a million separate acts, as set forth hereinabove, not including the acts that will be included as part of the defense of the instant action.

151.  At least one million RICO predicate acts have occurred.

152. The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least fraud, wire fraud, mail fraud, extortion, and obstruction of justice, and they pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and participants, they are not isolated events, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

153. The activities led to defendants' control and acquisition over the enterprises and resulted in the injuries to plaintiffs and class members, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

154.  By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers and/or agents of DWP engaged in and condoned racketeering activities.

155. The willful and/or negligent mismanagement of the enterprises, with knowledge by defendants charged with management, and potentially other defendants, that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiff, as alleged herein.

156. The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

159. Defendants unlawfully conspired with others, by understanding and agreeing to do and taking overt actions to support the matters hereinabove alleged, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators

169. Defendants' actions involve millions of DWP customers and constitute a pattern of racketeering activity and the predicate acts of wire fraud and mail fraud, in violation of 18 U.S.C. § 1343.

## COUNT 8
(Declaratory Relief)

170. Plaintiffs seek declaratory relief that the defendants' conduct of which plaintiffs complain, to wit, charging illegal water and electric rates, and charging those rates as a tax, are illegal.

//
//
//

## COUNT 9
(Injunctive Relief)

9

171. Plaintiffs seek preliminary and permanent injunctive relief, prohibiting defendants from again charging water and/or electric rates in excess of the costs and doing so as a tax, and ordering defendants to refund, with interest, all the portion of all prior rates charged that exceeded the costs of water and electric.

172-174. Reserved.

## CLASS ACTION ALLEGATIONS

175. Plaintiffs are members of the discrete class of persons whose defining characteristic is that its members were and are DWP ratepayers under agreements with DWP who were charged illegal rates for water and power. The class definition is "all DWP water and electric customers from September 23, 2012 to [the date of class certification]."

176. This class contains at least 1,000,000 and as many as 4,000,000 members, and the class is so numerous so that joinder of all members is impracticable.

177. Because only defendants know the names of all of the members of class and defendants are the only persons who have information sufficient to identify all the members of class it is impracticable to join all the members of the class in this action.

178. There are only common questions of fact and/or law with respect to all class members: they all were charged illegal rates by DWP.

179. The claims made by the representative parties, plaintiffs, are typical of the claims of each class member.

180. The representatives of the class, plaintiffs, fairly, vigorously, and zealously will represent and adequately protect the interests of all class members.

181. Prosecution of separate actions by individual class members would create a risk of inconsistent and/or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the

1 class, and defendants have acted and will continue to act on grounds generally
2 applicable to every class member, and the class questions not only predominate but
3 are the only questions that exist, and this action is the superior manner to litigate
4 the claims.
5   182. Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), &
6 23(b)(1)(A),(B)(1) and (3).
7   183. The nature of the notice to be provided to class members should be at
8 least as follows: defendants should be required to include in their bi-monthly
9 statements to all ratepayers an appropriate notice to be issued by the court.
10   **WHEREFORE**, plaintiffs request relief against defendant as follows:
11   1. General damages to be determined in a sum of approximately one billion
12 dollars;
13   2. Refunds of all overcharges;
14   3. Punitive damages in a sum to be determined by a jury, and as a
15 percentage of the net worth and yearly profits of each defendant, in a sum
16 sufficient to deter future misconduct, and not less than $1,000,000.00 per
17 defendant;
18   4. The trebling of all damages for the RICO violations;
19   5. The costs of action and interest;
20   6. Declaratory relief;
21   7. Injunctive relief;
22   8. Attorneys' fees; and,
23   8. Such other relief as is just and proper.
24 //
25 
26                           **JURY DEMAND**
27   Plaintiffs demand trial by jury of all issues.
28

11

**YAGMAN & REICHMANN**
**MARION R. YAGMAN**
**JOSEPH REICHMANN**

By: s/ Marion R. Yagman
    **MARION R. YAGMAN**


By: s/ Joseph Reichmann
    **JOSEPH REICHMANN**